ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
2008 DEC -3 PM 3:59

| | |
|---|---|
| MILLIE M. DOURM<br>1668 Warner Court<br>Mineral Ridge, Ohio 44440<br><br>Plaintiff<br><br>-vs-<br><br>INFOCISION MANAGEMENT CORPORATION<br>325 Springside Drive<br>Akron, Ohio 44333<br><br>Defendant | Case No. 5:08 CV 2844<br><br>Judge<br>JUDGE ADAMS<br><br>Complaint<br><br>MAG. JUDGE _____ERT |

## Jurisdiction

1. This case arises under the laws of the United States, particularly the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1001, *et seq.*, and federal common law. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1) and (f).

## Venue

2. Venue is proper in this Court under 29 U.S.C. §1132(e)(2).

## Parties

3. Plaintiff is a citizen of the United States and resides within the territorial jurisdiction of the Northern District of Ohio, Eastern Division.

4. Plaintiff is a participant, as defined in 29 U.S.C. §1002(7), in InfoCision Management Corporation's Short Term Disability Plan ("Plan"), a Plan created and sponsored by InfoCision Management Corporation. The Plan is an employee benefit plan under 29 U.S.C. §1002(3).

5. InfoCision Management Corporation is an employer as defined in 29 U.S.C. §1002(5).

6. InfoCision Management Corporation is the Plan Administrator under 29 U.S.C. §1002(16)(A).

## Claim

7. Plaintiff realleges paragraphs one through six of this Complaint.

8. Plaintiff became disabled due to injury or sickness and applied for short-term disability benefits under the Plan.

9. Plaintiff was entitled to short-term disability benefits under the terms of the Plan.

10. Defendant denied Plaintiff's claim for benefits.

11. Plaintiff timely appealed Defendant's decision and Defendant again denied Plaintiff's claim for benefits.

12. Defendant's denial of benefits was arbitrary, capricious, unreasonable, illegal, and discriminatory, was not made in good faith, was not supported by the evidence, and arose from an erroneous application of the Plan's provisions and federal law.

13. Plaintiff has complied with all conditions and requirements for the receipt of benefits.

14. Plaintiff has exhausted her administrative remedies under the terms of the Plan.

15. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands judgment against Defendant enforcing her rights under the Plan and ordering Defendant to pay her all benefits due under the Plan; ordering Defendant to pay prejudgment interest, attorneys fees, costs, and all other reasonable costs and expenses as permitted under 29 U.S.C. §1132(g); and granting Plaintiff such other relief as the Court deems proper.

        Respectfully submitted,
        GREEN HAINES SGAMBATI CO., L.P.A.

By _____
        IRA J. MIRKIN (#0014395)
        CHARLES W. OLDFIELD (#0071656)
        National City Bank Building
        16 Wick Avenue, Suite 400
        P.O. Box 849
        Youngstown, Ohio 44501-0849
        (330) 743-5101

Attorneys for Plaintiff